JACOB HALBREN AND HENRY HALBREN, CO-PARTNERS, TRADING AS J. HALBREN & SONS, PLAINTIFFS-APPELLANTS, v. M. SAMUELS & CO., INCORPORATED, A DELAWARE CORPORATION, DEFENDANT-APPELLEE.

Argued June 6, 1923—Decided November 7, 1923.

Conditional Sales—Property Distrained for Rent—Doctrine of Estoppel Considered.

On appeal from the First District Court of Jersey City.

Before Justices KALISCH and KATZENBACH.

For the plaintiffs-appellants, *Gross & Gross*.

For the defendant-appellant, *Jacob L. Newman* (*Lionel P. Kristeller*, of counsel).

PER CURIAM.

This is an appeal by the plaintiffs below from a judgment in their favor for $40, rendered in the First District Court of Jersey City, after a jury trial. The plaintiffs, J. Halbren and Sons, sold to one Flora Hirsch certain store fixtures under a conditional bill of sale which was duly filed in the Hudson county register's office, as required by the statute. The agreement was dated April 10th, 1922. Two hundred and sixty-

five dollars was paid by the vendee. Four hundred and sixty-five dollars of the purchase price remained unpaid. The fixtures were placed in a store, No. 176 Newman avenue, Jersey City, rented by Flora Hirsch from the defendant below, M. Samuels & Co., Inc., a Delaware corporation, lessee of the premises.

On June 1st, 1922, there was a small fire in the portion of the premises rented by Flora Hirsch. Flora Hirsch then disappeared. There was some rent due from her to M. Samuels & Co., Inc. A distress warrant was issued and placed in the hands of a constable who distrained upon the fixtures sold to Flora Hirsch by the plaintiffs. On September 5th, 1922, these fixtures were sold and bought by the distrainor, M. Samuels & Co., Inc., for $40. The plaintiffs then instituted the present action for trover and conversion. The trial court in its charge to the jury invoked in favor of the defendant the doctrine of estoppel and limited the amount which the plaintiffs could recover to the amount which they brought at the sale, $40. The court in its charge said: "Of course, it was the plaintiff's goods that were sold, and they are entitled to what was received for them in any event, even though he may have assumed the attitude of unfairly concealing his title and luring the defendant into going on with this sale.

The cash-register people came and said the cash register had not been paid for. It was delivered to them. Presumably, if the plaintiff in this case had notified the defendant of its rights in this property, it would have been delivered. There is nothing to show that there was any intention on the part of the defendant to withhold title from anybody who was entitled to it, or anything more than exercise their legal right to secure from the tenant the rent which was due under a distress. If they stood by purposely, without disclosing their right, for the purpose of luring the defendant into selling this property in ignorance, then they are bound by the sale, because the doctrine of estoppel is a doctrine which is applied not only in equity but in the courts of

law, and it would be eminently unfair to apply any other rules to circumstances such as these."

To this portion of the charge an exception was duly taken. The plaintiffs had complied with the statute by the filing of the contract of conditional sale. Their rights were then protected. It was the defendant's duty to ascertain whether Flora Hirsch had an absolute title to the store fixtures before it caused these fixtures to be distrained upon and sold under the distress proceedings. A mere delay in their removal from the premises by the plaintiff was neither a waiver of their rights to enforce the agreement made by them with Flora Hirsch, nor an act which estopped them from ascertaining their claim to the fixtures. We can find in the record no evidence that the plaintiffs attended the sale or knew that the defendant had distrained upon the fixtures. To permit the doctrine of estoppel to be invoked would, in such a case, emasculate the Conditional Sales act. We think the trial court erred in its charge to the jury in limiting the amount of recovery to $40 under the doctrine of estoppel, as stated in the charge. The judgment will be reversed and a new trial granted. Costs on this appeal will abide the determination of the case.